UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS DOMINIC BROOKS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10-1993 (JEB) |
| DETECTIVE LT. HARRIS, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

**I.      Background**

On September 24, 2010, Plaintiff Marcus Brooks brought this action in the Superior Court of the District of Columbia against Special Agents Douglas Dean and Donald E. Lockhart of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; West Virginia State Trooper Kevin Plumer; the Charles Town, West Virginia, Police Department; and Stephen Harris, then a member of that Police Department. He alleged that Defendants were liable for "false arrest, malicious accusation, and malicious prosecution," stemming from his arrest in Charles Town for possession of crack cocaine with intent to deliver. Compl. at 2. The case was removed to this Court in November 2010.

Dean and Lockhart, along with Plumer, subsequently moved to dismiss, and Plaintiff failed to respond. The Court, accordingly, granted both motions as conceded on June 1, 2011. The only remaining defendants, therefore, are the Charles Town Police Department and Harris.

Before removal, CTPD and Harris jointly moved to dismiss this case for insufficient service of process as to Harris and for lack of personal jurisdiction as to both. Plaintiff did, in fact, file an Opposition to this Motion. *See* ECF No. 2 (containing both pleadings). As this

Court plainly has no personal jurisdiction over either remaining Defendant, the Court need not reach Harris's argument concerning service.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal for lack of personal jurisdiction. The plaintiff bears the burden of "establishing a factual basis for the exercise of personal jurisdiction over the defendant." *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). To meet this burden, a plaintiff "must allege specific facts connecting the defendant with the forum." *Capital Bank Int'l Ltd. v. Citigroup, Inc.*, 276 F. Supp. 2d 72, 74 (D.D.C. 2003) (citing *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)). When evaluating whether a plaintiff has met his burden, "factual discrepancies appearing in the record must be resolved in favor of the plaintiff," *Crane*, 894 F.2d at 456, and the Court "may consider materials outside the pleadings," *Jerome Stevens Pharms., Inc. v. Food and Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## III. Analysis

A court may exercise two forms of personal jurisdiction over a nonresident defendant: general and specific. General jurisdiction exists where a nonresident defendant maintains sufficiently systematic and continuous contacts with the forum state, regardless of whether those contacts gave rise to the claim in the particular case. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984). "[B]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test than for specific jurisdiction." *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 510 n.2 (D.C. Cir. 2002) (citation and quotation marks omitted). As a result, "[u]nder the Due Process Clause, such general jurisdiction over a foreign corporation is only permissible if the defendant's business contacts with the forum are continuous and systematic." *FC Inv. Group LC v. IFX Markets, Ltd.*,

2

529 F.3d 1087, 1091–92 (D.C. Cir. 2008) (citation and quotation marks omitted). In this case Plaintiff has not shown that these Defendants have had any contacts with this forum whatsoever, much less any contacts that are sufficiently systematic and continuous to support an assertion of general jurisdiction. As a result, this is not a theory that can support personal jurisdiction here.

Specific jurisdiction exists where a claim arises out of the nonresident defendant's contacts with the forum. *Helicopteros*, 466 U.S. at 414 n.8; *see also United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). "A plaintiff seeking to establish specific jurisdiction over a non-resident defendant must establish that specific jurisdiction comports with the forum's long-arm statute and does not violate due process." *FC Inv. Group*, 529 F.3d at 1094–95 (citation and internal citation omitted). The long-arm statute of the District of Columbia extends personal jurisdiction over a nonresident defendant where a claim arises from the defendant's

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;
> (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
> (7) marital or parent and child relationship in the District of Columbia . . . .

D.C. Code § 13-423(a). In order not to violate due process, a nonresident defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation and internal quotation marks omitted). Those guarantees are

3

satisfied "if the defendant has 'purposefully directed' his activities at residents of the forum," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)), and if "the litigation results from alleged injuries that 'arise out of or relate to' those activities," *id.* at 472–73 (quoting *Helicopteros*, 466 U.S. at 414).

A brief look at the pleadings demonstrates that no specific jurisdiction exists here either. CTPD is a municipal police department in West Virginia, and Harris was a detective in that department. The theory underlying Plaintiff's suit is that he was falsely arrested and then prosecuted in West Virginia on a drug charge and that Defendants did not have a basis to proceed against him. The only conceivable connection to the District of Columbia is that Plaintiff resided here at the time he traveled to West Virginia to sell drugs. All of the events giving rise to this case, therefore, took place in West Virginia and had nothing to do with this forum. Plaintiff has simply not pled any jurisdictional facts or made any argument to show that this case falls under any provision of the District's long-arm statute. Nor could he show that Defendants somehow directed their police activities at District residents. Specific jurisdiction, therefore, is also lacking.

## IV. Conclusion

As the Court lacks personal jurisdiction over these two remaining Defendants, their Motion to Dismiss will be granted. A separate Order consistent with this Memorandum Opinion shall issue this date.

/s/
JAMES E. BOASBERG
DATE: September 6, 2011                                                 United States District Judge